UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMAD I. MARUF,<br><br>Defendant. | Case No.  6:22-po-00566-HBK<br><br>ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No.  15)<br><br>ORDER DENYING DEFENDANT'S MOTION TO CONTINUE BENCH TRIAL<br><br>(Doc. No. 14) |

On July 24, 2023, the Defendant, proceeding pro se, filed a motion to continue his trial, which is currently scheduled for July 25, 2023 at 1:00 P.M. and a motion to appoint counsel. (Doc. Nos. 14, 15). The Government filed an opposition to the motions the same day. (Doc. No. 16). The Court denies both motions.

On August 27, 2022, Defendant was charged with Violation Notice E-1166897 alleging a violation of 36 C.F.R. 4.21(c), operating a motor vehicle in excess of the speed limit. (Doc. No. 1). At the request of Defendant, Defendant's initial appearance was continued to February 7, 2023. (Doc. No. 3). On February 7, 2023, Defendant was arraigned, was informed that this was a Class B misdemeanor offense, and advised of the maximum possible penalties, including that if convicted, the Court would not impose any jail term. (Doc. No. 5). Defendant entered a not guilty plea, the Court ordered discovery, and set this case for a bench trial for March 6, 2023 at 10:00 A.M. (*Id*.). Due to the Park's closure and defendant's unavailability, the bench trial was

continued to April 24, 2023. (Doc. No. 9).  The Court continued the bench trial on March 29, 2023 at the request of the government without opposition by Defendant.  (Doc. No. 11).  On June 22, 2023, the Court again continued the bench trial to July 25, 2023 due to a conflict with the court's schedule.  (Doc. Nos 12).

## MOTION TO APPOINT COUNSEL

Defendant requests appointment of counsel for this offense because he believed the speeding ticket was a "civil traffic infraction" and not a federal crime, he lacks procedural knowledge, his case is complex, an attorney will be better at presenting evidence and developing a trial strategy, and he financially cannot afford to hire an attorney. (Doc. No. 15).  Defendant's argument that he did not realize he was facing criminal charges is unavailing.  As noted above, the Court conducted an initial appearance and appraised Defendant of his constitutional and statutory rights.  Further, although Plaintiff claims he cannot afford counsel, he provides no evidence that he financially qualifies for appointment of counsel, even if the Courts found "the interests of justice" required appointment of counsel.  28 U.S.C. § 3006A(a)(2).

Nonetheless, the Court finds the interests of justice do not require appointment of counsel. The right to counsel does not extend to all criminal prosecutions, but it only extends to all felony prosecutions and some misdemeanor prosecutions.  *Johnson v. Zerbst*, 304 U.S. 458 (1938); *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Scott v. Illinois*, 440 U.S. 367 (1979).  Counsel must be appointed if an indigent defendant will be sentenced to a term of imprisonment; however, "[a] misdemeanor prosecution does not trigger the Sixth Amendment's right to counsel simply because the crime charged carries with it the possibility of imprisonment." *United States v. Tobey*, 2020 WL 1451590, *3 (E.D. Cal. Mar. 24, 2020); (citing *Scott v. Illinois*, 440 U.S. 367, 73-74 (1979)).  Nor does the Sixth Amendment right to counsel extend to the possibility of a probation sentence.  *Id.* (holding that the Sixth Amendment right to counsel was not implicated because the defendant did not violate the terms of his probation and the government was not seeking to incarcerate him).  While the Sixth Amendment prohibits courts from sentencing uncounseled defendants to a term of imprisonment by "activating an uncounseled defendant's previously suspended prison sentence" it does not prohibit courts from sentencing uncounseled

1  defendants to a term of probation. *Id*. (citing *Scott*, 440 U.S. at 373-74; *Alabama v. Shelton*, 535
2  US 654, 667 (2002)).

3       Here, the Court made clear that while the Defendant is presumed innocent, if he is
4  convicted, it will not impose any term of imprisonment, and, as such the Sixth Amendment is not
5  implicated. And the government confirms it is not seeking any jail time. (Doc. No. 16). Further,
6  this action involves a single charge of speeding while operating a motor vehicle. Defendant has
7  had over 160 days to prepare his case. *See generally* docket. While the Court acknowledges
8  Defendant is proceeding pro se, this is not a complicated case and Defendant has had sufficient
9  time to prepare for a trial.

10 **MOTION TO CONTINUE TRIAL**

11       Defendant requests the Court continue the July 25, 2023 bench trial to August 28, 2023.
12 (Doc. No. 14). Defendant requests a continuance due to the complexity of the case and,
13 presuming the Court granted his request to appoint counsel, a continuance would afford his court
14 appointed attorney time to prepare for trial. (Doc. No. 14).

15       "It is the province of the district court to manage its docket." *United States v. Ottens*, 74
16 F.3d 357, 359 (1st Cir. 1996); (citing *Unites States v. Devin*, 918 F.2d 280, 291 (1st Cir. 199).
17 When confronted with a motion to continue a "court is likely to take into account prior
18 continuances and such other facts as 'the amount of time needed for effective preparation, the
19 amount of time actually available for preparation, the amount of time previously available for
20 preparation and how assiduously the movant used that time, the extent to which the movant has
21 contributed to his perceived predicament, the complexity of the case, the availability of other
22 sources, [and] the probable utility of a continuance…'" *Ottens*, 74 F.3d at 359-60; (quoting
23 *United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995).

24       The Court denies Defendant's motion for a court appointed attorney, therefore his
25 argument for a continuance to afford his court appointed attorney time to prepare for trial is moot.
26 As noted above, while the Court understands Defendant is appearing pro se, but this is not a
27 complex case and Defendant has had over 160 days to prepare for trial on a single charge of
28 operating a motor vehicle in excess of the speed limits. *See generally* docket, (*see also* Doc. No.

3

1). Defendant's motion to continue was filed on the eve of trial and the government has arranged travel and is prepared to proceed. (Doc. No. 16). The Court finds Defendant fails to establish any reason to further delay the bench trial for this case.

Accordingly, it is **ORDERED**:

1. Defendant's motion for appointment of counsel (Doc. No. 14) is DENIED.
2. Defendant's motion to continue the bench trial (Doc. No. 15) is DENIED.
3. This case shall proceed to trial, as scheduled, on **July 25, 2023 at 1:00 P.M.** in Yosemite.
4. Given the lateness of the motion, the Clerk shall provide a copy of this Order via email to Defendant in addition to mailing a copy to pro se Defendant.

Dated:    July 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE